Larry and Nora BAZAN, as representatives of the Estate of their deceased minor son, Noeh Bazan, Petitioners,

v.

SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 88–38V.

United States Claims Court.

Oct. 4, 1989.

William T. Blackburn, Corpus Christi, Tex., for petitioners.

Michael P. Milmoe, Torts Branch, Civ. Div., U.S. Dept. of Justice, with whom were Acting Asst. Atty. Gen. Stuart E. Schiffer, and John Lodge Euler, Deputy Director, Washington, D.C., for respondent; Gemma Flamberg, Dept. of Health and Human Services, of counsel.

OPINION [1]

ANDEWELT, Judge.

This is a child vaccine action brought pursuant to the National Childhood Vaccine Injury Act of 1986 as amended, 42 U.S.C. §§ 300aa–1 *et seq.* (Supp. V 1987) (the Act). The Act establishes a program for payment of compensation for injuries or deaths caused by the administration of vaccines. Petitioners, Larry and Nora Bazan, allege that the January 8, 1985, death of their son, Noeh Bazan, was the result of the administration of a DPT (diptheria, tetanus, pertussis) vaccine. Mr. and Mrs. Bazan filed the instant petition as representatives of the Estate of Noeh Bazan.

The petition initially was considered by a Special Master pursuant to subsection 2112(c) of the Act. On August 17, 1989, the Special Master issued a Report and Recommended Decision recommending an award of $250,000 to the Estate of Noeh Bazan, plus reasonable attorneys' fees and other costs in the amount of $43,350. The petition presently is before the court on an objection to the Special Master's Report and Recommended Decision filed by respondent, the Secretary of Health and Human Services.

Respondent does not object to the recommended award of $250,000 to the Estate of Noeh Bazan. After hearing the testimony of petitioners and Charles W. Daeschner, Jr., M.D., Chairman of the Department of Pediatrics at the University of Texas Medical Branch, Galveston, the Special Master proposed the following findings of fact:

1. Noeh Bazan received a vaccine set forth on the Vaccine Injury Table, namely DPT.

2. The vaccine was received in the United States in Texas.

3. Noeh Bazan sustained an injury, disability, illness or condition set forth in the Vaccine Injury Table—namely, encephalopathy—in association with the DPT

1. This opinion may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (1987). Accordingly, within fourteen (14) days of the date of filing of this opinion, the parties shall designate any material subject to § 300aa–12 and such designated material will be deleted for public access. If on review of this opinion there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to § 300aa–12.

**310**

vaccine, the first sympotoms [sic] of which appeared within three days after the vaccine was administered to him.

4. Noeh Bazan's death was a sequela to the said encephalopathy.

5. Petitioners have not previously collected an award or settlement of a civil action for damages for Noeh's death.

6. Noeh's death was not due to factors unrelated to the administration of the DPT Vaccine.

7. Petitioners are duly appointed personal representatives of the estate of Noeh Bazan.

8. The civil action previously filed against the manufacturer of the vaccine has been dismissed.

(Citations omitted.) These findings, if adopted by the court, are sufficient to support the proposed $250,000 award.[2] The court agrees with the proposed findings and adopts them.

Respondent's sole objection to the Special Master's Report and Recommended Decision involves the recommended additional award of $43,350 in attorneys' fees and other costs. Respondent does not dispute that reasonable attorneys' fees and other costs totaled $43,350. Rather, respondent contends that subsection 2115(b) of the Act places a $30,000 ceiling on an award of attorneys' fees and other costs in this case. This court recently addressed this issue at length in *Mikulich v. Secretary of the Dep't of Health and Human Services*, 18 Cl.Ct. 253 (1989). For the reasons set forth therein, this court agrees with respondent's interpretation of subsection 2115(b) and the award of attorneys' fees and other costs shall be limited to $30,000.

### Conclusion

Petitioners are awarded $250,000 in their capacity as representatives of the Estate of Noeh Bazan. In addition, petitioners are

---

**2.** Subsection 2113(a) of the Act provides, in pertinent part:

(1) Compensation shall be awarded under the Program to a petitioner if the court finds on the record as a whole—

(A) that the petitioner has demonstrated by a preponderance of the evidence the matters

---

awarded $30,000 in attorneys' fees and other costs. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.

---

required in the petition by section 300aa–11(c)(1) of this title, and

(B) that there is not a preponderance of the evidence that the illness, disability, injury, condition, or death described in the petition is due to factors unrelated to the administration of the vaccine described in the petition.